**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| KRISTEN BOUDWIN, | ) | Civil Action No.: |
| | ) | |
| Plaintiff, | ) | Division: |
| | ) | |
| v. | ) | Section: |
| | ) | |
| GC SERVICES LP, | ) | Judge: |
| | ) | |
| Defendant. | ) | Magistrate Judge: |

**PLAINTIFF'S COMPLAINT**

Plaintiff, KRISTEN BOUDWIN ("Plaintiff"), through her attorney, Hair Shunnarah Trial Attorneys, LLC, alleges the following against Defendant, GC SERVICES LP ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k, and 15 U.S.C. § 1693(m).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in Houma, Terrebonne Parish, Louisiana.

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Houma, Terrebonne Parish, Louisiana.

7. Plaintiff is a consumer as that term is defined by the FDCPA.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

9. Defendant is a debt collector as that term is defined by the FDCPA.

10. Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency located in Houston, Harris County, Texas.

12. Defendant is a business entity engaged in the collection of debt within the State of Louisiana.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

19. Plaintiff's alleged debt owed arises from transactions for personal, family, and household

purposes.

20. Within the past year of Plaintiff filing this Complaint, Defendant began placing calls to Plaintiff on Plaintiff's cellular telephone at xxx-xxx-0796 and Plaintiff's work telephone at xxx-xxx-6104, in an attempt to collect the alleged debt.

21. Defendant calls Plaintiff from 480-305-0718, which is one of Defendant's telephone numbers.

22. On at least two (2) occasions since Defendant began calling Plaintiff including, but not limited to, on or about September 8, 2020 and September 15, 2020, Plaintiff has spoken with one of Defendant's collectors and requested for Defendant to stop calling her.

23. On or about September 8, 2020, one of Defendant's male collectors placed a call to Plaintiff's work telephone which was answered by Plaintiff.

24. During the conversation, Plaintiff told Defendant's male collector that she did not want to hear from Defendant anymore.

25. During the conversation, Plaintiff requested for Defendant to stop calling Plaintiff's work telephone number.

26. On or about September 15, 2020 at 11:57 a.m., Defendant placed a call to Plaintiff's cellular telephone that went unanswered.

27. On or about September 15, 2020 at 12:46 p.m., Plaintiff returned Defendant's call and spoke with one of Defendant's representatives.

28. During the conversation, Plaintiff requested for Defendant to stop calling her.

29. During the conversation, Defendant's representative ignored Plaintiff's request and continued to attempt to collect the alleged debt from Plaintiff.

30. Despite Plaintiff's repeated requests for Defendant to stop calling her, Defendant

continued to place collection calls to Plaintiff's telephone unabated including, but not limited to, on or about September 16, 2020 at 1:25 p.m. and September 17, 2020 at 4:20 p.m.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

31. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to place collection calls to Plaintiff after Plaintiff repeatedly requested for Defendant to stop calling her;

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff after Plaintiff repeatedly requested for Defendant to stop calling her;

    c. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant created the false impression it was permitted to call Plaintiff despite her requests for Defendant to stop calling her and when Defendant's representative ignored Plaintiff's request for Defendant to stop calling her and continued to attempt to collect the alleged debt from Plaintiff; and

    d. Defendant violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in

the foregoing conduct.

WHEREFORE, Plaintiff, KRISTEN BOUDWIN, respectfully requests judgment be entered against Defendant, GC SERVICES LP, for the following:

a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

c. Any other relief that this Honorable Court deems appropriate.

DATED: October 16, 2020                                    RESPECTFULLY SUBMITTED,

*/s/ Samuel J. Ford*
Samuel Ford, Esq. #36081
Hair Shunnarah Trial Attorneys, LLC
4621 West Napoleon Ave., Ste. 204
Metairie, LA 70001
ford@hairshunnarah.com
Phone: (504) 684-5200
Fax: (504) 613-6351
Attorney for Plaintiff